H. Dickson Burton (4004)
HDBurton@traskbritt.com
Daniel J. Bezdjian (14597)
DJBezdjian@traskbritt.com
**TRASKBRITT, PC**
230 South 500 East # 300
Salt Lake City, Utah 84102
Telephone: (801) 532-1922
Facsimile: (801) 531-9168

*Attorneys for Plaintiff, EK EKCESSORIES, INC.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| EK EKCESSORIES, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SNUGZ/USA INCORPORATED, a Utah corporation,<br><br>    Defendant. | **COMPLAINT**<br><br>Case No.: _____<br><br><br>**JURY DEMAND** |

Plaintiff EK Ekcessories, Inc. ("EK") hereby complains and alleges against Defendant SnugZ/USA Incorporated ("SnugZ" or "Defendant") as follows:

## **PARTIES**

1. Plaintiff EK is a Utah corporation located at 575 W. 3200 S. Nibley, UT 84321.

2. Defendant SnugZ is a Utah corporation with a principal place of business at 9258 Prosperity Rd. West Jordan, UT 84081.

## NATURE OF THE ACTION

3. This is an action for patent infringement and design patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*., including 35 U.S.C. § 271 and/or 35 U.S.C. § 289.

4. On information and belief, Defendant has infringed and continues to infringe, and/or actively induces others to infringe EK's U.S. Patent 6,709,100 (the "'100 Patent") and U.S. Design Patent D536,364 (the "'364 Design Patent") (collectively "the Asserted Patents").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Defendant SnugZ because it is incorporated in the State of Utah and has its principal place of business within this judicial district.  Further, on information and belief, SnugZ does and has done substantial business in this judicial District, including: (i) committing acts of patent infringement and/or contributing to or inducing acts of patent infringement by others in this judicial District and elsewhere in Utah; (ii) regularly conducting business in this State and judicial District; (iii) directing advertising to or soliciting business from persons residing in this state and judicial District; and (iv) engaging in other persistent courses of conduct, and/or deriving substantial revenue from infringing products and/or services provided to persons in this District and State.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

8. Plaintiff EK designs, develops, manufactures, and markets various high quality outdoor and recreational accessories including, but not limited to, eyeglass retainers, keychains, lanyards, hat retainers, belts, watchbands, and other related products.

9. EK has sought protection for its innovations, which has resulted in numerous issued patents, including the Asserted Patents.

10. The '100 Patent issued on March 23, 2004 and is titled "Three-way Eyeglass Retainer." EK is the owner by assignment of the '100 Patent. A copy of the '100 Patent is appended hereto as Exhibit A.

11. The '364 Design Patent issued on February 26, 2007 and is titled "Eyeglass Retainer." EK is the owner by assignment of the '364 Design Patent. A copy of the '364 Design Patent is appended hereto as Exhibit B.

12. On information and belief, Defendant develops, markets, and/or manufactures a number of products, including eyeglass retainers and lanyards that include three-way eyeglass retainers.

13. On information and belief, Defendant manufactures and sells a series of eyeglass retainers and lanyards that include three-way eyeglass retainers, including at least the "Powercord Trade Show Lanyard" and the "Power Cord Eyewear Retainer" (collectively, "the infringing products"). True and correct copies of pages from SnugZ's catalog are contained in Exhibit C, attached hereto.

14.     On information and belief, Defendant SnugZ operates and maintains a website at www.snugzusa.com (hereinafter "SnugZ's website"), where SnugZ's products, including at least the infringing products, are marketed and sold to at least U.S. consumers via SnugZ's website.

15.     On information and belief, Defendant SnugZ knows, should know, or is willfully blind to the fact that its infringing products infringe the Asserted Patents.

## COUNT ONE

**(Infringement Of The '100 Patent Against Defendant – 35 U.S.C. §§ 271 *et seq*.)**

16.     Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

17.     On information and belief, Defendant has had actual notice of the '100 Patent and/or constructive notice of the '100 Patent pursuant to 35 U.S.C. § 287.

18.     On information and belief, Defendant has: (1) infringed and continues to infringe at least claim 1 of the '100 Patent by developing, making, using, offering to sell, selling, and/or importing, in this District and elsewhere in the United States, at least the infringing products.

19.     Defendant's actions constitute infringement, either literal or under the doctrine of equivalents, and/or active inducement of at least claim 1 of the '100 Patent in violation of 35 U.S.C. § 271.

20.     For example, the infringing products comprise a retaining member for attaching a retainer cord to a pair of eyeglasses.  The retaining member comprises an elongate member made from an elastic material that defines a hollow channel and includes a first opening, a first port, and a second port, as recited in claim 1.  A true and correct copy of the '100 Patent is appended hereto as Exhibit A.

21. As another example, Defendant infringes at least claim 11 of the '100 Patent by making, using, offering to sell, selling, and/or importing at least the infringing products. For example, the infringing products comprise an eyeglass retainer comprising a retaining cord and a hollow, elongate member having a first opening, a first port, and a second port, as recited in claim 11. A true and correct copy of the '100 Patent is appended hereto as Exhibit A.

22. EK has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

23. EK is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

24. Defendant's infringement of EK's rights under at least claim 1 and claim 11 of the '100 Patent will continue to damage EK's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

25. Upon information and belief, Defendant has willfully infringed at least claim 1 and claim 11 of the '100 Patent, entitling EK to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT TWO

**(Infringement Of The '364 Design Patent Against Defendant – 35 U.S.C. §§ 271 *et seq*.)**

26. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

27. On information and belief, Defendant has had actual notice of the '364 Design Patent and/or constructive notice of the '364 Design Patent pursuant to 35 U.S.C. § 287.

28. On information and belief, Defendant has: (1) infringed and continues to infringe the '364 Design Patent by developing, making, using, offering to sell, selling, and/or importing, in this District and elsewhere in the United States, at least the infringing products.

29. Defendant's actions constitute infringement, either literal or under the doctrine of equivalents, and/or active inducement of the '364 Design Patent in violation of 35 U.S.C. § 271 and/or 35 U.S.C. § 289.

30. The infringing products are substantially the same as the eyeglass retainer illustrated and claimed in the '364 Patent. For example, the infringing products include a retainer cord attached to a retaining member as illustrated in, for example, FIG. 1 through FIG. 22 of the '364 Patent. The retaining member of the infringing products includes openings and ports as illustrated and claimed in the '364 Patent. A true and correct copy of the '364 Patent is appended hereto as Exhibit B.

31. EK has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

32. EK is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

33. Defendant's infringement of EK's rights under the '364 Design Patent will continue to damage EK's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

34. Upon information and belief, Defendant has willfully infringed the '364 Design Patent, entitling EK to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff EK asks this Court to enter judgment in its favor and against Defendant under at least 35 U.S.C. § 281, and grant the following relief:

A. An adjudication that Defendant has infringed and continues to directly and indirectly infringe the Asserted Patents;

B. An adjudication that Defendant's acts of infringement are willfull;

C. Orders of this Court permanently enjoining Defendant, its agents, servants, and any and all parties acting in concert with Defendant, from directly or indirectly infringing in any manner any of the claims of Asserted Patents pursuant to at least 35 U.S.C. § 283;

D. An award of damages adequate to compensate EK for Defendant's infringement of the Asserted Patents in an amount to be proven at trial;

E. A finding that this is an exceptional case and an award of Plaintiff's costs and attorney fees;

F. A trebling of the damage award to Plaintiff;

G. An assessment and award of pre- and post-judgment interest on all damages awarded; and

H. Any further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: September 1, 2016    **TRASKBRITT, P.C.**

    By: /s/ H. Dickson Burton
       H. Dickson Burton
       Daniel J. Bezdjian
       230 South 500 East # 300
       Salt Lake City, Utah 84102
       Telephone: (801) 532-1922
       Facsimile: (801) 531-9168

*Attorneys for Plaintiff, EK EKCESSORIES, INC.*